UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CARMEL SPECIALTY SURGERY CENTER, LLC, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:15-cv-02004-JMS-TAB |
| vs. | ) ) | |
| UNITED HEALTHCARE SERVICES, INC. | ) ) | |
| Defendant. | ) ) | |

## ORDER

On December 18, 2015, Defendant United HealthCare Services, Inc. ("UHC") removed this case from Hamilton Superior Court to federal court pursuant to 28 U.S.C. § 1441, alleging that this Court has original federal question jurisdiction pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") over Plaintiff Carmel Specialty Surgery Center, LLC's (the "Surgery Center") action against UHC.  [Filing No. 1.]  Specifically, UHC contends that the Surgery Center's action is removable to federal court because of "two exceptions to the well-pleaded complaint rule: the complete preemption doctrine and the substantial federal question doctrine" under ERISA.  [Filing No. 1 at 3.]

"[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte* . . . [and] a court in doubt of its own jurisdiction generally is well-advised to solicit the parties' views on the subject."  *Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015).  Because whether a case is removable from state to federal court based on ERISA preemption "presents several difficult and technical issues," *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996), the Court will solicit the parties' views before this case proceeds.

UHC's Notice of Removal asserts that the Surgery Center sued UHC because UHC allegedly "wrongfully recouped $1,373.42 from Surgery Center by taking funds that [UHC] owed to Surgery Center for recent services rendered to a different patient in order to correct an overpayment that [UHC] had previously remitted to Surgery Center for services provided to patient C.S. . . . ."  [Filing No. 1 at 1-2.]  UHC concedes that the Surgery Center's Complaint does not reference ERISA.  [Filing No. 1 at 3.]  UHC emphasizes, however, that because the Surgery Center is suing UHC as the patient's assignee of the claim, "the State Court Action is a civil action that includes claims that legally arise under ERISA because they all relate to benefits payable under an ERISA plan."[1]  [Filing No. 1 at 3.]

The Court typically determines whether federal question jurisdiction exists "by examining the plaintiff's well-pleaded complaint, for it is long-settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."  *Jass*, 88 F.3d at 1486 (citation omitted).  A defendant cannot remove a case to federal court simply by asserting a federal question in a responsive pleading.  *Id.*  Instead, "[t]he issues raised in the plaintiff's complaint, not those added in the defendant's response, control the litigation."  *Id.*

An exception to the well-pleaded complaint rule exists "where Congress has completely preempted a given area of state law."  *Id.*  The United States Supreme Court extended the complete preemption exception to ERISA cases in *Metropolitan Life Ins. Co. v. Taylor*, holding that the doctrine "applied to certain ERISA claims because Congress intended to make all suits that are

---

[1] The Seventh Circuit Court of Appeals has held that if an assignment is valid, a provider of medical services can sue an insurer as assignee of a participant under ERISA.  *Kennedy v. Connecticut Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991); *see also Penn Chiropractic Ass'n v. Independence Hosp.*, 802 F.3d 926 (7th Cir. 2015) (reaffirming holding of *Kennedy* but distinguishing the facts of that case because "Plaintiffs do not rely on a valid assignment from any patient").

cognizable under ERISA's civil enforcement provisions federal question suits." *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)).  But "a claim brought under ERISA § 502(a) provides the basis for complete preemption whereas [a claim brought under ERISA] § 514(a) provides the basis for conflict preemption." *Jass*, 88 F.3d at 1488 (citing *Rice v. Panchal*, 65 F.3d 637, 640 (7th Cir. 1995)).  This distinction is important because

> complete preemption is an exception to the well-pleaded complaint rule that has jurisdictional consequences.  If a state law claim has been "displaced," *see Taylor*, 481 U.S. at 60, and therefore completely preempted by § 502(a), then a plaintiff's state law claim is properly "recharacterized" as one arising under federal law. *Taylor*, 481 U.S. at 64.  But state law claims that are merely subject to "conflict preemption" under § 514(a) are not recharacterized as claims arising under federal law; in such a situation, the federal law serves as a defense to the state law claim, and therefore, under the well-pleaded complaint rule the state law claims do not confer federal question jurisdiction. Thus, complete preemption under § 502(a) creates federal question jurisdiction whereas conflict preemption under § 514(a) does not.

*Rice*, 65 F.3d at 640 (some citations omitted).

The Seventh Circuit has held that three factors are relevant for determining whether a claim is brought under ERISA § 502(a):  (1) whether the plaintiff is eligible to bring a claim under that section; (2) whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a); and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law. *Jass*, 88 F.3d at 1487; *see also Klassy v. Physicians Plus Ins. Co.*, 371 F.3d 952, 955 (7th Cir. 2004) (applying same three factors).

UHC alleges that the Surgery Center's claims are subject to complete preemption under ERISA § 502(a) and, thus, the Surgery Center's state court action is removable to this Court. [Filing No. 1 at 2.]  While that may be true, because a plaintiff is the master of the complaint, *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002), the Court needs

more information from the Surgery Center regarding the nature of the claims it is pursuing before it can determine the propriety of removal.

For the reasons set forth herein, the Court **ORDERS** the Surgery Center to file a **statement of claims** by **January 27, 2016**, setting forth the legal basis for each of its claims against UHC. Because a removing defendant bears the burden of proving that federal jurisdiction is proper, *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013), UHC must file a **response** to the Surgery Center's statement of claims by **February 8, 2016**, specifically asserting why federal jurisdiction is proper based on the Surgery Center's statement of claims.  To the extent UHC alleges that the Surgery Center  is pursuing any claim under ERISA § 502(a), UHC must apply the three-factor test set forth in *Jass*, 88 F.3d at 1487.  The Surgery Center may file a **reply** by **February 16, 2016**.

Date:  January 13, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Stephanie L. Boxell
FAEGRE BAKER DANIELS LLP (Indianapolis)
boxellstephanie@gmail.com

Philip John Gutwein, II
FAEGRE BAKER DANIELS LLP (Indianapolis)
philip.gutwein@FaegreBD.com

Shannon L. Melton
SURGCENTER DEVELOPMENT LLC
smelton@surgcenter.com