UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CARMEL SPECIALTY SURGERY CENTER, LLC, | ) | **1:15-cv-02004-JMS-TAB**[1] |
| | ) | 1:15-cv-2005-JMS-TAB |
| *Plaintiff*, | ) | 1:15-cv-2006-JMS-TAB |
| | ) | 1:15-cv-2033-JMS-TAB |
| vs. | ) | 1:15-cv-2034-JMS-TAB |
| | ) | 1:15-cv-2035-JMS-TAB |
| UNITED HEALTHCARE SERVICES, INC., | ) | 1:15-cv-2036-JMS-TAB |
| *Defendant*. | ) | 1:15-cv-2037-JMS-TAB |
| | ) | 1:16-cv-78-JMS-TAB |
| | ) | 1:16-cv-79-JMS-TAB |
| | ) | 1:16-cv-80-JMS-TAB |
| | ) | 1:16-cv-81-JMS-TAB |
| _____ | ) | |
| | ) | |
| METRO SPECIALTY SURGERY CENTER LLC, | ) | **1:15-cv-2044-JMS-TAB** |
| | ) | 1:16-cv-143-JMS-TAB |
| *Plaintiff*, | ) | 1:16-cv-146-JMS-TAB |
| | ) | 1:16-cv-147-JMS-TAB |
| vs. | ) | 1:16-cv-148-JMS-TAB |
| | ) | 1:16-cv-149-JMS-TAB |
| UNITED HEALTHCARE SERVICES, INC., | ) | 1:16-cv-150-JMS-TAB |
| *Defendant*. | ) | |
| _____ | ) | |
| | ) | |
| RIVERVIEW SURGERY CENTER, | ) | **1:15-cv-2045-JMS-TAB** |
| *Plaintiff*, | ) | 1:16-cv-140-JMS-TAB |
| | ) | 1:16-cv-141-JMS-TAB |
| vs. | ) | 1:16-cv-142-JMS-TAB |
| | ) | |
| UNITED HEALTHCARE SERVICES, INC., | ) | |
| *Defendant*. | ) | |

## **ORDER**

Defendant United Healthcare Services, Inc. ("UHC") has twenty-three related cases pending against it in this District that have been assigned to the same District Judge and Magistrate

---

[1] Because the Court has decided that per-plaintiff consolidation is appropriate, the twenty-three cause numbers in the caption are grouped by plaintiff with the lead cause number for each group in bold.

Judge (the "Related Cases").[2]  These cases were initially filed in state court by various plaintiff surgery centers (the "Surgery Centers"), and UHC subsequently removed them to federal court. Two issues are now ripe for the Court to address—the Court's subject matter jurisdiction over the Related Cases and whether they should be consolidated into one action for purposes of trial. Because the parties' jurisdictional filings and briefing on consolidation are substantially similar if not identical in each of the Related Cases, the Court will collectively address the pending issues.

### A. Federal Jurisdiction

UHC separately removed all twenty-three Related Cases from state court to this District, alleging that this Court has federal jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA") because each plaintiff is suing UHC as a patient's assignee and the claims relate to benefits payable under an ERISA plan.  Because UHC acknowledged that none of the Surgery Centers' state court complaints reference ERISA or make ERISA claims, the Court *sua sponte* solicited the parties' positions on the issue of federal jurisdiction.  *See Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte* . . . [and] a court in doubt of its own jurisdiction generally is well-advised to solicit the parties' views on the subject.").

In response, the Surgery Centers filed a Statement of Claims in each of the Related Cases, confirming that its "claims all along have been to recover benefits due to it from UHC through assignment of its patients' health plans . . . ."  Those statements also indicate that each Surgery

---

[2] A twenty-fourth case against UHC was transferred to this District from the United States District Court for the Northern District of Indiana on April 14, 2016.  *See* Cause No. 1:16-cv-828-RLY-MJD.  UHC references that transfer in its reply brief filed on April 21, 2016, indicating that it "anticipates that it will be transferred to Judge Magnus-Stinson's and Magistrate Judge Baker's dockets, like the other twenty-three Related Actions." [Filing No. 26 at 2.]  Because transfer has not yet occurred, the Court will address jurisdiction and consolidation of the twenty-fourth case in a separate entry at the appropriate time.

Center "intends to amend its original complaint to specifically allege claims for benefits due under [ERISA] for all instances wherein it believes that UHC has wrongfully recouped pervious alleged overpayments or wrongfully withheld currently owed monies." Because all case management deadlines have been suspended pending the Court's ruling regarding the propriety of removal, the Surgery Centers have not yet amended their pleadings.

UHC responded to the Surgery Centers' filings by thoroughly briefing the issue of ERISA preemption and concluding that this Court has federal jurisdiction under that doctrine and supplemental jurisdiction over any claims not preempted by ERISA. UHC confirmed in response to an inquiry by the Court that each of the Related Cases has at least one claim that is preempted by ERISA and that UHC's reference to supplemental jurisdiction was directed at certain additional claims present in some of the actions.

Although the claims asserted in a plaintiff's complaint typically control whether a case arises under federal law, the ERISA civil enforcement mechanism is a provision "with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)). "Congress chose this aggressive form of preemption in order to knock out any effort to use state law, including state common law, to obtain benefits under such a plan." *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) (citation omitted).

The United States Supreme Court has set forth a two-part test for determining when a claim has been completely preempted by ERISA:

> "[I]f an individual, at some point in time, could have brought his claim under ERISA [civil enforcement provision] § 502(a)(1)(B), and where there is no other

3

independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).'"

*Franciscan*, 538 F.3d at 597 (quoting *Davila*, 542 U.S. at 210).  The Seventh Circuit Court of Appeals has held that if an assignment is valid, a provider of medical services can sue an insurer as assignee of a participant under ERISA.  *Kennedy v. Connecticut Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991); *see also Penn Chiropractic Ass'n v. Independence Hosp.*, 802 F3d 926 (7th Cir. 2015) (reaffirming holding of *Kennedy* but distinguishing the facts of that case because "Plaintiffs do not rely on a valid assignment from any patient").

The Court now confirms that, based on the parties' representations regarding the claims at issue, it has subject matter jurisdiction over each of the Related Cases because at least some of the claims in each one are preempted by ERISA.  Specifically, it is undisputed that the Surgery Centers are pursuing claims against UHC as the assignees on behalf of patients covered by ERISA plans.  And the Surgery Centers have confirmed that their "claims all along have been to recover benefits due to it from UHC through assignment of its patients' health plans . . . ."  Thus, each Surgery Center "intends to amend its original complaint to specifically allege claims for benefits due under [ERISA] for all instances wherein it believes that UHC has wrongfully recouped previous alleged overpayments or wrongfully withheld currently owed monies."  Because the Surgery Centers could have brought their claims under ERISA and, in fact, intend to amend their complaints to do so, the Court concludes that it has federal jurisdiction over these actions pursuant to ERISA preemption.  To the extent that the Surgery Centers assert additional claims in some of the actions that are not preempted by ERISA, the Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367 at this time.

### B. Consolidation Request

UHC asks the Court to consolidate the twenty-three Related Cases into one action for discovery and trial pursuant to Federal Rule of Civil Procedure 42. It argues that all of the Related Cases involve a common question of law or fact, emphasizing that although some have different named plaintiffs, counsel is the same in each of the Related Cases. UHC believes that each Surgery Center is owned in part by SurgCenter Development ("SCD") and that SCD significantly influences the billing practices at issue in these cases. Thus, UHC concludes that all of the Related Cases should be consolidated into one case for convenience and to expedite resolution.

In response, the Surgery Centers object to consolidating all of the Related Cases into one. They emphasize that each Surgery Center is an independent entity with variations in internal processes for handling patient claims, billing, and appeals; thus, single consolidation would be inefficient and confusing. The Surgery Centers propose consolidating the actions on a "per plaintiff basis," such that the Related Cases would be consolidated into three groups—the cases with Carmel Specialty Surgery Center ("Carmel") as the plaintiff; the cases with Metro Specialty Surgery Center as the plaintiff ("Metro"); and the cases with Riverview Surgery Center ("Riverview") as the plaintiff.

In reply, UHC again argues for consolidation of all of the Related Cases into a single case. It points out that the Surgery Centers do not dispute the overlapping factual and legal issues in the Related Cases. UHC contends that even if the Surgery Centers are independent entities, each of their actions and practices are heavily influenced by SCD because it is an investor in all of them. UHC emphasizes that the Surgery Centers have not identified any varying processes or procedures among them and that they are all represented by the same counsel in all of the Related Cases.

Thus, UHC concludes that consolidation on a per-plaintiff basis is not warranted and, instead, the Related Cases should be consolidated into one action to promote the purposes of Rule 42.

Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Consolidation is preferred if it will promote judicial economy and efficiency without prejudice to the parties. *Adams v. N. Indiana Pub. Serv. Co.*, 2012 WL 2375324, at *1 (N.D. Ind. 2012) (citations omitted). The burden is on the moving party to show that consolidation is appropriate, *id.*, and ultimately, the Court's decision regarding consolidation is discretionary, *Star Ins. Co. v. Risk Mktg. Grp. Inc.*, 561 F.3d 656, 660 (7th Cir. 2009).

The Court concludes that it is not appropriate to consolidate the twenty-three Related Cases into one single action at this time. Each of the Surgery Centers is a separate entity and, even if there is some common ownership, they represent that they each "utilize their own internal procedures when it comes to processing claims and appeals." Because it is undisputed that the manner in which they process claims and appeals is at issue in this litigation, the Court agrees with the Surgery Centers that consolidating the Related Cases into one single action could be confusing, which would not promote judicial economy or efficiency.

As UHC points out in its reply, however, the Surgery Centers do not dispute that overlapping factual and legal issues exist that could benefit from consolidating the Related Cases into groups based on each plaintiff. Thus, the Court agrees that consolidation on a per-plaintiff basis is appropriate and will promote judicial economy and efficiency. Moreover, because all of the Related Cases are assigned to the same District Judge and Magistrate Judge, there will be a general awareness about how each of the three groups proceeds through discovery. If it becomes apparent that material differences do not exist between the billing processes at issue, perhaps

further consolidation for dispositive motions or trial would be appropriate at some point in the future.

For these reasons, the Court concludes that the Related Cases should be consolidated on a per-plaintiff basis as follows:

<u>Carmel Specialty Surgery Center Cases (12 total)</u>:

- 1:15-cv-2004-JMS-TAB
- 1:15-cv-2005-JMS-TAB
- 1:15-cv-2006-JMS-TAB
- 1:15-cv-2033-JMS-TAB
- 1:15-cv-2034-JMS-TAB
- 1:15-cv-2035-JMS-TAB
- 1:15-cv-2036-JMS-TAB
- 1:15-cv-2037-JMS-TAB
- 1:16-cv-78-JMS-TAB
- 1:16-cv-79-JMS-TAB
- 1:16-cv-80-JMS-TAB
- 1:16-cv-81-JMS-TAB

<u>Metro Specialty Surgery Center Cases (7 total)</u>:

- 1:15-cv-2044-JMS-TAB
- 1:16-cv-143-JMS-TAB
- 1:16-cv-146-JMS-TAB
- 1:16-cv-147-JMS-TAB
- 1:16-cv-148-JMS-TAB

- 1:16-cv-149-JMS-TAB

- 1:16-cv-150-JMS-TAB

Riverview Surgery Center Cases (4 total):

- 1:15-cv-2045-JMS-TAB

- 1:16-cv-140-JMS-TAB

- 1:16-cv-141-JMS-TAB

- 1:16-cv-142-JMS-TAB

### C. Conclusion

For the reasons stated herein, the Court concludes that it has subject matter jurisdiction over each of the twenty-three Related Actions that the Surgery Centers filed in state court and UHC removed to this District.  Additionally, the Court **GRANTS IN PART** UHC's Motion to Consolidate, such that the twenty-three Related Cases will be consolidated into three actions on a per-plaintiff basis, as further described herein.  A twenty-fourth case, which was transferred to this District during briefing, has not yet been reassigned to the District Judge and Magistrate Judge assigned to the Related Cases and is not addressed herein.

Date:  May 3, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Stephanie L. Boxell
FAEGRE BAKER DANIELS LLP (Indianapolis)
boxellstephanie@gmail.com

Philip John Gutwein, II
FAEGRE BAKER DANIELS LLP (Indianapolis)
philip.gutwein@FaegreBD.com

Shannon L. Melton
SURGCENTER DEVELOPMENT LLC
smelton@surgcenter.com